**Yunming SONG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13-74493**

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 24, 2017

Thomas J. Tarigo, Esquire, Attorney, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner

OIL, Claire Workman, Senior Litigation Counsel, Scott Michael Marconda, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Yunming Song, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applica-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tion for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

We do not consider the materials Song references in his opening brief that are not part of the administrative record. *See Fisher v. I.N.S.*, 79 F.3d 955, 963–64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determinations that Song was not credible based on inconsistencies in his testimony and between his testimony and documentary evidence as to where and when he lived at various addresses in China. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Song's explanations do not compel a contrary conclusion. *See Lata v. I.N.S.*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject, as unsupported by the record, his contention that the BIA denied his claim for lack of corroboration, and thus deny his contention that the BIA violated his due process rights, *see id.* at 1246 (explaining that a petitioner must show error to prevail on a due process claim). Thus, in the absence of credible testimony, in this case, Song's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.